Filed 4/15/26  P. v. Gallegos CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JON GALLEGOS,<br><br>    Defendant and Appellant. | G065119<br><br>(Super. Ct. No. 24CF1863)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Larry Yellin, Judge. Affirmed.

Tracy R. LeSage, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Jon Gallegos was charged with two felony counts and three misdemeanor counts while on mandatory probation supervision for a previous offense. These counts included possession of controlled substances and possession of a firearm and ammunition by a prohibited person. A jury acquitted Gallegos of the firearm possession charge but convicted him on the remaining counts. The trial court suspended his sentence and imposed two years of formal probation.

Appointed counsel, having found no arguable issues in reviewing the record, filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. While not arguing against their client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record. We also advised Gallegos of his right to file a supplemental brief on his own behalf; he has not done so.

Having undertaken our own independent investigation of the record, we too have found no arguable issues and affirm the judgment.

FACTS

On July 18, 2024, Orange County probation authorities conducted a routine compliance check on Gallegos to search his person and property. Gallegos was sitting outside his residence when officers approached.

Gallegos told the probation officer that he had "dope" on him before being searched. The officer found a glass pipe in Gallegos's right front pants pocket and a zippered pouch in his left back pocket. Three clear plastic bags containing white powder were in the pouch. The plastic bags were later tested by the Orange County Crime Lab. Two of the bags collectively contained 17.916 grams of methamphetamine, and the third bag contained

6.972 grams of a combination of methamphetamine, acetaminophen, caffeine, and fentanyl.

Officers also searched Gallegos's residence.[1] In a bedroom containing some of Gallegos's belongings, they discovered two rounds of .223-caliber ammunition, as well as a magazine pouch containing a .20-gauge shotgun shell. Officers then called the K-9 unit to search for additional weapons or ammunition.

While they waited, the officers searched a dresser sitting just inside the front entryway of the home. Inside one of its drawers, they found an AR-15-style rifle. The firearm's magazine was loaded.

Other officers searched a vehicle in the driveway and discovered 10 rounds of .223-caliber ammunition on the floorboard. Gallegos admitted to investigators that the vehicle was his, but denied the rifle belonged to him.

Gallegos went to trial on an amended information alleging the following counts: (1) possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1), count 1); (2) possession of ammunition by a prohibited person (*id.*, § 30305, subd. (a)(1), count 2); (3) possession of a controlled substance (methamphetamine) (Health & Saf. Code, § 11377, subd. (a), count 3); (4) possession of a controlled substance (fentanyl) (*id.*, § 11350, subd. (a), count 4); and (5) possession of drug paraphernalia (*id.*, § 11364, subd. (a), count 5).

During deliberations, the jury submitted the following question to the court: "Can the judge expand upon the definition of constructive

---

[1] When searching the home, officers testified they were permitted to search, without a warrant, any area to which Gallegos had immediate access.

3

possession?" The court responded that constructive possession "is knowingly having the right to control an object." It referred jurors to a pinpoint instruction on constructive possession which had been submitted by Gallegos's counsel. The jury found Gallegos not guilty of possession of a firearm, but guilty on the other four counts. In a bifurcated proceeding, the trial court found true a strike prior.

The trial court declined Gallegos's request to reduce his possession of ammunition conviction to a misdemeanor. The court told Gallegos it would be amenable to considering the reduction if, among other things, Gallegos completed a drug treatment program. The court struck Gallegos's prior strike for purposes of sentencing. It then imposed and suspended the sentence and placed Gallegos on two years of supervised probation plus 365 days in jail. Since Gallegos had already served more than that, he was released the same day. The court imposed but permanently stayed a $300 restitution fine, a $30 criminal conviction assessment fee, and a $40 court operations fee.

The terms and conditions for probation were pronounced by the court as follows: (1) no unauthorized drugs, narcotics, or controlled substances, (2) submission to chemical testing as directed by Gallegos's probation officer or any peace officer, (3) submission of person and property, including residence, premises, container, or vehicle under Gallegos's control (except electronic devices) for search and seizure, (4) cooperation with probation for any court-ordered plans, including drug treatment, (5) no ownership, purchase, or receipt of any type of dangerous or deadly weapon, (6) obey all rules and orders of the court, probation department, and jail, (7) violate no laws, (8) disclose probation terms upon request of any peace

4

officer, and (9) provide a state DNA sample and print for the state DNA database pursuant to Penal Code sections 296 and 296.1.

## DISCUSSION

To assist this court in its independent review, counsel identified one potential issue for appeal: whether there was substantial evidence that Gallegos was in constructive possession of ammunition in violation of Penal Code section 30305, subdivision (a)(1), as charged in count two. Given that the ammunition was found in Gallegos's bedroom and in his vehicle, we conclude the jury had sufficient evidence before it to conclude beyond a reasonable doubt that Gallegos was in constructive possession of the ammunition. The jury's attention to and understanding of the issue of constructive possession is apparent in the record.

In a footnote, appointed counsel noted two items included as probation conditions in the minute order which were allegedly not included in the court's oral pronouncement of judgment. Those are: (1) the requirement of DNA samples under Penal Code sections 296 and 296.1, and (2) a $300 probation revocation restitution fine under Penal Code section 1202.44. Appointed counsel contends these conditions should be stricken.

The court orally required Gallegos to submit a DNA sample pursuant to Penal Code sections 296 and 296.1 and orally imposed and permanently stayed the restitution fine.

We have independently reviewed the entire record and have found no arguable issues. (See *Wende*, *supra*, 25 Cal.3d at p. 441.)

5

DISPOSITION

The judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.